UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD D. GILMORE,<br><br>             Plaintiff,<br><br>       vs.<br><br>D. CASTILLO,<br><br>             Defendant. | **1:21-cv-00617-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 9.)** |

Edward D. Gilmore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 14, 2021. (ECF No. 1.) The Complaint awaits the Court's requisite screening under 28 U.S.C. § 1915.

On December 22, 2022, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he is unable to afford counsel, the issues involved in this case are complex, Plaintiff lacks adequate access to the law library, he has been unable to find an attorney to represent him, he has a limited knowledge of law, and he is being harassed by correctional officers. These are not exceptional circumstances under the law. Plaintiff's claims for excessive force, retaliation, failure to protect, and confiscation of property are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**January 4, 2023**__            _____/s/ Gary S. Austin_
                                          UNITED STATES MAGISTRATE JUDGE