UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD D. GILMORE,<br><br>                    Plaintiff,<br><br>     v.<br><br>D. CASTILLO,<br><br>                    Defendant. | No.  1:21-cv-00617 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER DIRECTING A DISTRICT JUDGE BE ASSIGNED TO THIS MATTER<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(ECF No. 12)<br><br>PLAINTIFF'S OBJECTIONS DUE **JANUARY 16, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the Clerk of Court will be ordered to randomly assign a District Judge to this matter, and/or in the alternative, to assign this matter a "NODJ" designation until a District Judge can be assigned to it.  In addition, it will be recommended that this matter be dismissed for failure to obey a court order and failure to prosecute.

I.     BACKGROUND

On May 17, 2023, Plaintiff's complaint was screened, and Plaintiff was given the option of either filing an amended complaint or proceeding solely on claims found cognizable by the Court.  ECF No. 12.  At that time, Plaintiff was given until June 15, 2023, to comply with the Court's order.  See id. at 16.

Thereafter, Plaintiff opted to amend his complaint, and he requested and received two additional sixty-day extensions of time to do so.  See ECF Nos. 13-16 (extension requests and grants of same).  His most recent third request for a thirty-day extension of time was also granted.  See ECF Nos. 17, 18 (extension request and grant of same).  As a result, Plaintiff's amended complaint was to be filed by December 20, 2023.  ECF No. 18 at 2.  However, when that extension of time request was granted, Plaintiff was clearly cautioned that absent exigent circumstances no additional extension of time requests would be granted.  Id.

II.    APPLICABLE LAW

Prior to dismissing a case, a court must consider the following:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

Courts have an interest in the just, speedy and inexpensive determination of every action and proceeding as well.  See Fed. R. Civ. P. 1; see also Phenylpropanolamine, 460 F.3d at 1227 (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process).  Consequently, they have inherent power and authority to dismiss a matter sua sponte for lack of prosecution.  See Link v. Wabash, 370 U.S. 626, 630-31 (1962) (stating same).

The public also has an interest in the quick resolution of court matters.  See Hernandez, 138 F.3d at 399 (presuming public has interest in expeditious litigation).  Overall, however, a district court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)

(citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

### III. DISCUSSION

Plaintiff has been given more than ample time to file an amended complaint, yet he has not done so, nor has he contacted the Court to provide an exceptional reason for having failed to do so despite multiple grants of extensions of time he has been given.

In addition, the Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff clearly has no interest in prosecuting it in a timely manner is not a good use of the Court's already taxed resources. In fairness to the many other litigants who currently have cases before the Court, no additional time should be expended on this matter.

Further, because no Defendant has yet to be served in this case, there will be no prejudice to the defendant(s) if the matter is dismissed. Finally, given that Plaintiff has allowed this case to exist on the Court's docket for over seven months post-screening, simply proceeding on Plaintiff's viable claims is not a viable less drastic option. This is implicit in Plaintiff's choice to amend his complaint notwithstanding that the Court found cognizable claims in its screening order, as well with his multiple requests for extensions of time to do so. See generally Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012). For these reasons, having considered the Hernandez factors as well as the

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload far exceeds the national average . . . ranking us seventh in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

Court's chronically taxed and limited resources, the undersigned will recommend that this matter be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action or, in the alternative, temporarily assign this matter a "NODJ" designation until a District Judge can be assigned to it.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to obey a court order and for failure to prosecute.  See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – here, **January 16, 2024** – Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 2, 2024**                      **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE