UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD D. GILMORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. CASTILLO,<br><br>　　　　　Defendant. | Case No.: 1:21-cv-0617 JLT GSA (PC)<br><br>ORDER DECLINING TO ADOPT THE FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT THE COMPLAINT, AND GRANTING AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ON THE CLAIMS FOUND COGNIZABLE |

　　　　Edward Gilmore seeks to hold Correctional Officer Castillo liable for violations of his civil while Plaintiff was incarcerated at Kern Valley State Prison. The magistrate judge determined Plaintiff stated cognizable claims against Castillo for excessive force and retaliation, but his remaining causes of action were not cognizable. (Doc. 12 at 6-15.) Therefore, Plaintiff was directed to either notify the Court "he chooses to proceed with his initial Complaint on the cognizable claims" or file an amended complaint no later than June 15, 2023. (*Id.* at 16.)

　　　　Plaintiff requested several extensions of time, which were granted by the Court. (Docs. 13-18.) After Plaintiff did not file an amended complaint by the final deadline ordered, the magistrate judge found Plaintiff failed to obey the Court's Screening Order and failed to prosecute this action. Therefore, the magistrate judge recommended the action be dismissed. (Doc. 20 at 4.) The Court

served the Findings and Recommendations on the plaintiff and notified him that any objections were due within 14 days.[1]  (*Id.*)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court declines to adopt the Findings and Recommendations. A review of the record shows Plaintiff has not abandoned the action or failed to prosecute the case. He repeatedly requested extensions of time to comply with the Screening Order, and the Court found each extension was supported by good cause.  (*See* Docs. 14, 16 and 18.)

Moreover, Plaintiff filed a document entitled "Supplemental Complaint" the same date as the Findings and Recommendations were issued, though entered by the Clerk of Court two days later. (Doc. 21.)  Plaintiff requests leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, including additional allegations concerning events on March 22, 2021, and May 25, 2021.  (*Id.* at 1-2.)  Plaintiff indicates he "hope[s] to keep his original complaint and just add these incidents through [a] supplemental complaint."  (*Id.* at 3.)  This may be construed in part as a request to proceed on his cognizable claims, which was an option the Court made available to Plaintiff.  Given his status as a *pro se* litigant, and liberally construing the pleading, it appears Plaintiff attempted to comply with the order of the Court through this filing.

Rule 15(d) permits a Court to allow the party "to *serve* a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).  Courts have broad discretion to allow supplemental pleadings, as the rule is a "tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1998).  Importantly, the Court did not yet direct service of the complaint, because it was unclear whether Plaintiff wished to proceed on the two claims found cognizable or file an amended complaint attempting to cure the pleading deficiencies.  Toward that end, any motion under Rule 15(d) appears premature, as service would not be authorized.

---

[1] The Magistrate Judge indicated: "Within fourteen days after being served with these findings and recommendations – here, January 16, 2024 – Plaintiff may file written objections…." (Doc. 20 at 4, emphasis omitted.)  The Court notes that while Plaintiff was served with the Findings and Recommendations on January 2, 2024 – the same date as the Findings and Recommendations were issued – service was by mail, and consequently he identified objection period granted Plaintiff approximately 10 days to respond, assuming he received the document within 3-4 days.  The Court acknowledges this timeline was brief and may have imposed an improbable deadline for Plaintiff.

Because Plaintiff may choose to file an amended complaint that incorporates information concerning additional events, Plaintiff is granted a final extension of time either file an amended complaint or notify the Court of his willingness to proceed only upon his claims for excessive force and retaliation.[2]  Plaintiff is reminded that, should he choose to amend, any amended complaint must contain <u>all information</u> he wishes the Court to consider without reference to any prior document.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); *see also* Local Rule 220 (an amended complaint must be "complete in itself without reference to the prior or superseded pleading").  A document that simply includes additional information—such as his "supplemental complaint"—is insufficient.  An amended complaint should also be captioned the "First Amended Complaint" and include the case number 1:21-cv-00617-JLT-GSA.

In the alternative, Plaintiff may notify the Court of his willingness to proceed on the excessive force and retaliation claims against Castillo.  To clearly convey this intent, <u>Plaintiff should not include any additional allegations or claims in his notice.</u>  If Plaintiff files a "Notice of Willingness to Proceed on Cognizable Claims," the action will proceed <u>only</u> on his claims for excessive force and retaliation, and the remaining causes of action will be dismissed. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated January 2, 2024 (Doc. 20) are declined.
2. Plaintiff's request to supplement the complaint under Rule 15(d) (Doc. 21) is denied.
3. Plaintiff is granted an extension of time to file an amended complaint *or* notify the Court of his willingness to proceed only on his claims for excessive force and retaliation. Plaintiff **SHALL** file either the amended complaint or written notice **no later than March 31, 2024**.
4. Plaintiff is informed no further extensions will be given without a showing of exceptionally good cause.

///

---

[2] As it is unclear whether Plaintiff's property and documents were returned to him after he returned to Kern Valley State Prison (*see* Doc. 17 at 1), the Court will direct service of the initial complaint and the Screening Order to assist Plaintiff in evaluating his options.

3

5. **If Plaintiff fails to comply with this Order, the action will be dismissed without prejudice for failure to prosecute.**

6. The Clerk of Court is directed to provide a copy of the initial complaint (Doc. 1) and the Court's Screening Order (Doc. 12) while serving this Order upon Plaintiff.

IT IS SO ORDERED.

Dated:   **February 8, 2024**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE