UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD D. GILMORE,<br><br>              Plaintiff,<br><br>       v.<br><br>D. CASTILLO,<br><br>              Defendant. | No.  1:21-cv-00617 JLT GSA (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(See ECF No. 41)<br><br>ORDER VACATING THE AUGUST 1, 2025, DEADLINE FOR DISPOSITIVE MOTIONS<br><br>(See ECF No. 39 at 2)<br><br>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, IF ANY, DUE TWENTY-ONE DAYS AFTER COURT'S RULING ON DEFENDANT'S MOTION FOR TERMINATING SANCTIONS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS DUE **AUGUST 14, 2025**<br><br>See Local Rule 230(l) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This case is at the

1  dispositive motion phase of the proceedings.  See ECF Nos. 32, 39 (discovery and scheduling

2  order; most recent order modifying same, respectively).

3        Before this Court are Defendant's motion for terminating sanctions and request to stay the

4  deadline for filing a motion for summary judgment.  ECF Nos. 40, 41 (respectively).  The Court

5  construes Defendant's motion to stay the deadline for filing a motion for summary judgment as a

6  motion to modify the discovery and scheduling order.

7        For the reasons stated below, Defendant's motion to modify the discovery and scheduling

8  order will be granted, and the current August 1, 2025, deadline for dispositive motions will be

9  vacated.  As a result, the Court will order Defendant's motion for summary judgment – if still

10 applicable – to be filed and served twenty-one days after the Court rules on his pending motion

11 for terminating sanctions.  In addition, Plaintiff will be reminded that he has until August 14,

12 2025, to file a response to Defendant's motion for terminating sanctions.

13     I.    RELEVANT FACTS

14       On September 18, 2024, the Court issued a discovery and scheduling order which set

15 February 28, 2025, as the due date for the parties' pretrial motions.  See ECF No. 32 at 6.

16 Thereafter, for various reasons, at the parties' requests (see ECF Nos. 34, 36, 38) (parties'

17 requests to modify scheduling order), the discovery and scheduling order was modified (see ECF

18 Nos. 35, 37, 39 (orders granting same).  As a result, currently, the parties' pretrial motions are due

19 on August 1, 2025.  See ECF No. 39 at 2.

20       On July 24, 2025, Defendant Castillo filed a motion for terminating sanctions against

21 Plaintiff.  ECF No. 40.  The next day, Defendant filed the instant motion to stay the deadline for

22 him to file a motion for summary judgment pending the Court's resolution of his motion for

23 terminating sanctions.  ECF No. 41.

24     II.    DEFENDANT'S MOTION TO STAY

25       In support of Defendant's motion to stay the deadline to file his motion for summary

26 judgment, he states that depending upon how the Court rules on his motion for terminating

27 sanctions, his filing of a motion for summary judgment may not be necessary.  See ECF No. 41 at

28 3 (Decl. of DAG D. Krasiev-Dvornikov).  In sum, Defendant's request is being made in the

interests of judicial economy. See id. at 1. Defendant's motion also requests that he be given a period of twenty-one days to file his motion for summary judgment, should the Court deny his motion for terminating sanctions. Id. at 1-2.

### III. DISCUSSION

Having Defendant file a motion for summary judgment by August 1, 2025, when it is clear from the record that Plaintiff has neither: (1) disputed Defendant's claim that Plaintiff has yet to respond to his discovery requests,[1] nor (2) filed a response to Defendant's motion to compel within the thirty-day period that the Court ordered Plaintiff to do so,[2] would be both premature and result in Defendant performing a pro forma exercise, especially considering that Defendant has a lack of discovery responses from Plaintiff which might be useful in preparing an anticipated motion for summary judgment. See generally Fed. R. Civ. P. 56(a).

For these reasons, Defendant's motion to modify the discovery and scheduling order will be granted. The current August 1, 2025, due date for dispositive motions will be vacated, and Defendant's motion for summary judgment – if any – will be ordered filed within twenty-one days of the Court issuing a decision on his pending motion for terminating sanctions. In addition, consistent with Local Rule 230(l), and the fact that Defendant filed and served his pending motion for terminating sanctions on July 24, 2025 (see NEF of docket entry dated 7/24/25), Plaintiff will be ordered to file a response to Defendant's motion for terminating sanctions by August 14, 2025.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to modify the discovery and scheduling order (ECF No. 41) is GRANTED;

2. The August 1, 2025, deadline for the parties to file pretrial motions (see ECF No. 39 at 2) is VACATED;

---

[1] See ECF No. 38 at 4, 8 (Decl. of DAG Krasiev-Dvornikov stating same); see generally docket entries from 6/2/25 until today (indicating no response to Defendant's motion to compel).
[2] See ECF No. 39 at 2 (6/5/25 order directing Plaintiff to file response to Defendant's motion to compel and to do so within thirty days).

3. Defendant's motion for summary judgment – if any – shall be filed and served within twenty-one days of the Court issuing a ruling on Defendant's pending motion for terminating sanctions, and

4. Consistent with Local Rule 230(l) and the fact that Defendant filed and served the motion for terminating sanctions on July 24, 2025, Plaintiff shall FILE a RESPONSE to Defendant's motion by August 14, 2025.

**All other directives in the discovery and scheduling order are to remain in full force and effect.**

**Plaintiff is cautioned that failure to comply with this order within the time allotted will likely result in a recommendation that Defendant's motion for terminating sanctions be granted.**

**Plaintiff is further cautioned that absent exigent circumstances, requests for extensions of time to file a response to Defendant's motion for terminating sanctions will be denied.**

IT IS SO ORDERED.

Dated:  **July 29, 2025**               **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

4