1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   EDWARD D. GILMORE, | No.  1:21-cv-00617 JLT GSA (PC) |
| 12         Plaintiff, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| 13     v. | ORDER RECOMMENDING THAT: |
| 14   D. CASTILLO, | (1) DEFENDANT'S MOTION FOR TERMINATING SANCTIONS PURSUANT |
| 15        Defendant. | TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A)(v) BE GRANTED, |
| 16 | AND |
| 17 | (2) THIS ACTION BE DISMISSED WITH PREJUDICE |
| 18 | |
| 19 | PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |
| 20 | |

21          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

22   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

23   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24          Before this Court is Defendant's motion for terminating sanctions pursuant to Federal

25   Rule of Civil Procedure 37(b)(2)(A)(v).  ECF No. 40.  For the reasons stated below, the

26   undersigned will recommend that Defendant's motion be granted and that this case be dismissed

27   with prejudice.  Plaintiff shall have fourteen days to file objections to this order.

28          I.          <u>RELEVANT PROCEDURAL HISTORY</u>

1

A.  <u>Complaint Screening and Extensions of Time to File Amended Complaint</u>

On May 17, 2023, Plaintiff's complaint was screened, and he was directed either to file an amended complaint or to inform the Court that he wished to proceed on the complaint as screened.  ECF No. 12.  Plaintiff was given thirty days to take either course of action.  <u>See</u> <u>id.</u> at 16.

Thereafter, Plaintiff requested and was granted three extension of time requests:  two for sixty days and one for thirty days.  <u>See</u> ECF Nos. 13, 15, 17 (Plaintiff's extension of time requests); <u>see</u> <u>also</u> ECF Nos. 15, 16, 18 (Court's grants of same).  At that point, Plaintiff's amended complaint was to have been filed by December 20, 2023.  ECF No. 18 at 2.

B.  <u>Findings and Recommendations to Dismiss for Failure to Prosecute and for Failure to Obey Court Order</u>

Plaintiff failed to file a timely amended complaint.  As a result, on January 2, 2024, the undersigned issued an order which recommended that the matter be dismissed for failure to obey a court order and for failure to prosecute.  ECF No. 20.  The same day, a "supplemental complaint" filed by Plaintiff was docketed.  ECF No. 21.  As the title of the document indicated, it was not the amended complaint that the Court had ordered Plaintiff to file.  <u>See</u> <u>generally</u> <u>id.</u>  It was simply a document which informed the Court what had occurred in Plaintiff's case after he had filed the complaint.  <u>See</u> ECF No. 21 at 1 (Plaintiff's supplement stating same).  As a result, instead of withdrawing the findings and recommendations order, the undersigned opted to wait and see if Plaintiff would either go ahead and file an amended complaint or opt to proceed on the initial complaint, the two options that the May 2023 screening order had given Plaintiff and that he had been given more than ample time from which to choose.

C.  <u>Order Declining to Adopt Findings and Recommendations</u>

More than a month passed and Plaintiff failed to file an amended complaint, nor did he file a notice with the Court indicating that he wished to proceed on the complaint as it had been screened.  On February 8, 2024, the District Judge assigned to this action declined to adopt the undersigned's findings and recommendation.  ECF No. 22.  Instead, the District Judge found that Plaintiff's "supplemental complaint" could be construed as a request to proceed on his cognizable

1    claims, and also found that with the filing of the "supplemental complaint," Plaintiff had

2    attempted to comply with the order of the Court.  Id. at 2.  The Court gave Plaintiff an additional

3    time to either file an amended complaint or file a notice that he wished to proceed on the

4    complaint as screened.  Id. at 3-4.  As a result, Plaintiff was to take one of the two courses of

5    action no later than March 31, 2024.  See id. at 3.  In addition, Plaintiff's request within the

6    "supplemental complaint" requesting he be allowed to supplement his original complaint pursuant

7    to Federal Rule of Civil Procedure 15(d) (see ECF No. 21 at 1), was also denied by the Court (see

8    ECF No. 22 at 3).

9              D.  Notice to Proceed on Complaint as Screened

10          On April 8, 2024, Plaintiff's notice which stated that he wished to proceed on the

11    complaint as it had been screened back on May 17, 2023, was docketed.[1]  See ECF No. 23.  The

12    next day, the complaint was ordered served.  See ECF No. 24.

13              E.  Defendant's Opt Out of Early ADR; Commencement of Discovery

14          On August 9, 2024, Defendant moved to opt out of the Court's Early Alternative Dispute

15    Resolution Program, and the motion was granted shortly thereafter.  ECF Nos. 29, 30

16    (Defendant's opt out motion; Court's grant of same, respectively).  Thereafter, Defendant's

17    answer to the complaint was filed on September 13, 2024 (ECF No. 31). The Court then issued a

18    discovery and scheduling order for the case (ECF No. 32).  In it, discovery was to end on

19    December 6, 2024, and motions to compel were due the same day.  Id. at 6.

20              F.  Extension of Time Requests Filed; Extension of Motion to Compel Date

21          On November 25, 2024, Plaintiff filed a motion for a sixty-to-ninety-day extension of time

22    to respond to Defendant's requests for admission.  ECF No. 34.  Approximately one week later,

23    the motion was granted, and Plaintiff was given a sixty-day extension.  Id. at 2.  As a result,

24    Plaintiff's responses to Defendant's requests for admissions were due January 31, 2025, and

---

[1]  Plaintiff signed the notice on March 29, 2024.  See ECF No. 23.  As a result, it was
constructively filed with the Court on that date.  See Roberts v. Marshall, 627 F.3d 768, 769 n.1
(9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is
date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled
on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

3

1  motions to compel were due March 14, 2025.  Id.  Pretrial motions were to be filed by May 16,
2  2025.  Id.

3      On May 14, 2025, Defendant filed a motion for a thirty-one-day extension of time to file a
4  motion for summary judgment.  ECF No. 36.  The motion was granted the same day, making
5  Defendant's dispositive motion due June 16, 2025.  See ECF No. 37.  Thereafter, on June 2,
6  2025, Defendant filed a motion for an extension of time for him to file, nunc pro tunc, a motion to
7  compel.  ECF No. 38.  The motion to compel was attached to the request for an extension of time.
8  See id. at 38-2 at 5-28.  The motion was granted three days later, and the Court ordered Plaintiff
9  to respond to Defendant's motion to compel,[2] and to do so within thirty days.  ECF No. 39 at 2.
10 As a result, Plaintiff's response to Defendant's motion to compel was due July 7, 2025.[3]

11      G.  Defendant's Motion for Terminating Sanctions; Plaintiff's Failure to Respond
12      On July 24, 2025, Defendant filed the instant motion for terminating sanctions pursuant to
13 Federal Rule of Civil Procedure 37(b)(2)(A)(v).  ECF No. 40.  The motion informs the Court that
14 Plaintiff had failed to file and/or serve a response to his discovery requests as he was ordered to
15 do.  Id. at 4-8.  As a result, Defendant requests that the Court dismiss this case due to Plaintiff's
16 failure to comply with the Court's orders and with the Federal Rules of Civil Procedure.  Id. at 5-
17 8.  In the alternative, Defendant requests that the Court order Plaintiff to respond fully to
18 Defendant's discovery requests within fourteen days, and to do so without objections.[4]  Id. at 8.
19 Consistent with Local Rule 230(l), Plaintiff's response to Defendant's motion for terminating
20 sanctions was due on August 14, 2025.  See Local Rule 230(l) giving parties twenty-one days to
21 file responses to motions when litigant is prisoner.  Importantly, this deadline was pointed out to
22 Plaintiff in the Court's July 29, 2025 order wherein Plaintiff was also cautioned that failure to
23 comply with the order that he file a response to Defendant's motion for terminating sanctions

---

[2] At the time, Plaintiff was directed either to serve Defendant directly with his discovery
responses or to file with the Court a response to Defendant's motion to compel.  See ECF No. 39
at 2.
[3] Because the thirtieth day fell on Saturday, July 5, 2025, Plaintiff had until Monday, July 7,
2025, to respond to Defendant's motion to compel.  See Fed. R. Civ. P. 6(a)(1)(A)-(C).
[4] Defendant also asks for additional time to file a motion for summary judgment should the Court
opt not to dismiss this matter.  ECF No. 40 at 8.

1  would likely result in a recommendation that Defendant's motion for terminating sanctions be

2  granted.  See. ECF No. 42 at 4.

3          H.  Defendant's Notice of Plaintiff's Failure to Respond to Defendant's Motion

4       On August 21, 2025, Defendant filed the instant notice of Plaintiff's failure to respond to

5  his motion for terminating sanctions.  ECF No. 43.  In it, Defendant points out: (1) that to date,

6  Plaintiff has neither served Defendant with  a response to Defendant's motion for terminating

7  sanctions  nor filed any with the Court, and (2) that in the Court's July 29, 2025, order which

8  directed Plaintiff to file a response to his motion for terminating sanctions, the Court warned

9  Plaintiff that his failure to comply with the order within the time allotted would likely result in a

10  recommendation that this matter be dismissed.  Id. at 1.  For these reasons, Defendant asks that

11  the Court dismiss this matter in its entirety.  Id. at 1-2.

12       To date, Plaintiff has not filed a response to Defendant's motion for terminating sanctions,

13  nor has he requested an extension of time to do so.

14      II.    APPLICABLE LAW

15          A.  Federal Rule of Civil Procedure 37(b)(2)(A)(v)

16       Federal Rule of Civil Procedure 37(b)(2)(A)(v) states:

17

18      **(b)    Failure to Comply With a Court Order.**
    . . . .

19

20       **(2) Sanctions Sought in the District Where the Action Is Pending.**

21       (A)  *For Not Obeying a Discovery Order.*  If a party or a party's
officer, director, or managing agent--or a witness designated under Rule

22  30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery,
including an order under Rule 26(f), 35, or 37(a), the court where the action

23  is pending may issue further just orders.  They may include the following:
    . . . .

24          (v)  dismissing the action in whole or in part . . .

25

26  Fed. R. Civ. P. 37(b)(2)(A)(v) (emphasis in original).

27       Rule 37 is one of the sources of authority under which a district court may sanction a party

28  who has not produced evidence.  See generally Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th

Cir. 2006).  A dismissal pursuant to Rule 37 is reviewed for an abuse of discretion.  <u>Anheuser-Busch, Inc. v. Nat. Beverage Distributors</u>, 69 F.3d 337, 348 (9th Cir. 1995).

B.  <u>Malone Factors</u>

The Ninth Circuit has identified the factors to consider when dismissing a case for failure to comply with a court order, discovery or otherwise.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

<u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (quoting <u>Thompson v. Hous. Auth. of City of Los Angeles</u>, 782 F.2d 829 (9th Cir. 1986) (per curiam)).  In <u>Anheuser-Busch, Inc. v. Nat. Beverage Distributors</u>, 69 F.3d 337 (9th Cir. 1995), the Ninth Circuit also identified some factors to consider when determining whether lesser sanctions had been considered prior to dismissal.  It wrote:

> In determining whether the district court properly considered lesser sanctions prior to dismissing a party's case, we examine:  (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal.

<u>Id.</u>, 69 F.3d at 352 (citing <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412–13 (9th Cir. 1990).

C.  <u>Federal Rule of Civil Procedure 41(b) and Local Rules 110</u>

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or if he fails to comply with a court order.  <u>See</u> Fed. R. Civ. P. 41(b).  Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

1  110.

2  III.  <u>DISCUSSION</u>

3  The undersigned will recommend that Defendant's motion for terminating sanctions be

4  granted as Federal Rules of Civil Procedure Rule 37 (b)(2)(A)(v)  and 41(b), <u>Malone</u>, and Local

5  Rule 110 all support the dismissal of this case.

6  A.  <u>Rule 37(b)(2)(A)(v) Supports the Dismissal of This Case</u>

7  As Defendant points out, throughout the discovery process, Plaintiff has been given ample

8  opportunities to comply with the Court's orders and respond to Defendant's discovery requests.

9  <u>See</u> ECF No. 40 at 3-4 (Defendant's chronology of discovery-related events).  The

10  aforementioned record of events, which are documented on the Court's docket also verify this

11  finding.  To date, however, Defendant states that Plaintiff has not responded to his discovery

12  requests, nor has Plaintiff responded to Defendant's motion for terminating sanctions.

13  When a party fails to obey a discovery orders, Rule 37(b)(2)(A)(v) permits the dismissal

14  of the action in its entirety.  Thus, a grant of Defendant's request for terminating sanctions is

15  supported by Rule 37.

16  B.  <u>Application of Malone Factors Supports the Dismissal of This Case</u>

17  1.  <u>Expeditious Resolution of Litigation; Court's Need to Manage Its Docket</u>

18  Plaintiff has been given more than ample time to provide responses to Defendant's

19  discovery requests.  First, he was given a sixty-day extension of time to respond to the

20  Defendant's Request for Admissions, which was granted.  <u>See</u> ECF Nos. 34, 35 (Plaintiff's

21  extension request; Court's grant of same).  Then, after Defendant filed a motion to extend Nunc

22  Pro Tunc the deadline in which to file a motion to compel  simultaneous filing with it the motion

23  the motion to compel (<u>see</u> ECF No. 38, at1), the Court, sua sponte, granted Plaintiff an additional

24  thirty days to either  directly serve Defendant with responses to "all the discovery requests in

25  question", or to file with the Court a response to Defendants motion to compel. (<u>see</u> ECF No. 39

26  at 2).  Despite having been given additional time to comply with the Court's orders by responding

27  to Defendant's discovery requests, Plaintiff has failed to do so, has not contacted the Court to

28  provide exceptional reasons for not having done so, nor requested additional time to do so.

1    The Eastern District Court has an unusually large caseload.[5]  "[T]he goal of fairly

2   dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

3   the processing of frivolous and repetitious requests."   Whitaker v. Superior Court of San

4   Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

5   keeping this case on the Court's docket is not a good use of the Court's already taxed resources.

6   Indeed, keeping this matter on the Court's docket would be futile and would unnecessarily

7   prolong the disposition of this case given that Plaintiff appears to have abandoned it.

8   Additionally, in fairness to the many other litigants who currently have cases before the Court, no

9   additional time should be spent on this matter.

10                        2.   Risk of Prejudice to Defendant

11    Furthermore, Defendant has consistently defended himself throughout these proceedings,

12   responding to the Court's orders to file an answer to Plaintiff's complaint (see ECF Nos. 27, 31)

13   (Court's order to file answer; Defendant's answer, respectively), and filing for an extension of

14   time to file a motion for summary judgment (see ECF 36).  To require Defendant to continue to

15   put  more time and energy into defending himself against claims that Plaintiff has brought against

16   him would be highly unfair to him, especially given that it is clear that Plaintiff no longer has an

17   interest in prosecuting this case.  Thus, dismissing this matter will eliminate any injustice and/or

18   prejudice that Defendant has incurred to date.

19                        3.   Availability of Less Drastic Sanctions; Favored Disposition of Cases on

20                             Merits

21    Finally, as Defendant also points out (see ECF No. 43 at 1), on July 29, 2025, when the

22   Court ordered Plaintiff to file a response to Defendant's motion for terminating sanctions,

23   Plaintiff was warned that his failure to timely comply with the order **would likely result in a**

24   _____

25   [5]  The Eastern District of California carries one of the largest and most heavily weighted
    caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of
26   California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far
    exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").
27   This problem is compounded by a shortage of jurists to review its pending matters.  See generally
    id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent
28   judgeships for Eastern District of California).

1  **recommendation that Defendant's motion for terminating sanctions be be granted** (see ECF

2  No. 42 at 4) (Court's order stating same).  Thus, Plaintiff was clearly made aware that the

3  dismissal of his case was **likely** if his failure to prosecute this matter persisted.  In sum, there is no

4  less drastic option than dismissal.  Although the disposition of cases on their merits is preferred,

5  this matter cannot be prosecuted if Plaintiff continues not to respond to the most fundamental of

6  court orders, nor can this case be disposed of on its merits.

7  C.  Rule 41(b) and Local Rule 110 Support the Dismissal of This Case

8  Rule 41(b) also supports the dismissal of this matter.  It states that when a plaintiff fails to

9  prosecute a matter or he fails to obey court orders, a defendant may move to dismiss the case.

10  See Fed. R. Civ. P. 41(b).  That is precisely what has happened here.  A dismissal on these

11  grounds may operate as an adjudication of the matter on its merits.  Id.  Accordingly, a dismissal

12  of this matter with prejudice is also supported by Rule 41(b).

13  Finally, Local Rule 110 permits the imposition of sanctions when a party fails to comply

14  with a court order.  See id.  As previously noted, Plaintiff has failed to comply with the Court's

15  discovery orders. Consequently, a dismissal of this matter is warranted under Local Rule 110 as

16  well.

17  Accordingly, IT IS HEREBY RECOMMENDED that:

18  1.  Defendant's motion for terminating sanctions (ECF No. 40) be GRANTED, consistent

19  with Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b); Malone v. United States Postal

20  Service, 833 F.2d 128, 130 (9th Cir. 1987), and Local Rule 110;

21  2.  This matter be DISMISSED with prejudice, and

22  3.  This case be CLOSED.

23  These findings and recommendations are submitted to the United States District Judge

24  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the Court.  Such a document should be captioned "Objections to Magistrate

27  Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

28  The Court will not consider exhibits attached to the objections.  To the extent that a party

9

1   wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by

2   its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

3   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

4   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file

5   objections within the specified time may result in the waiver of certain rights on appeal.  See

6   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

7   Cir. 1991).

8

9

10

11   IT IS SO ORDERED.

12   Dated:  __August 29, 2025__           _____/s/ Gary S. Austin_____
                                         UNITED STATES MAGISTRATE JUDGE
13

14